Hearing in number 2007-31-25. Mr. Ludman, begin when you're ready. May it please the Court, Section 1204-F waives sovereign duty and provides that prevailing employees in cases arising under Section 1215 are eligible for an award of attorney's fees. The only question before the Court is whether Petitioner Mr. Perkins, a local employee in a Hatch Act case, can be eligible for a fee award. The answer must be yes for two reasons. Mr. Perkins is an employee and his case arose under Section 1215. I take it that if Section 1215-A-5 were not in the statute, you would necessarily lose this case, correct? Not necessarily, but it would be a much tougher case for our side. Well, it has to arise under 1215 for purposes of 1204-M, and the only reference to state and local officials that I can see in 1215 is A-5, correct? Not entirely, Your Honor. The only direct reference to state and local is in A-5. But Section A-1, which is the operator provision for determining whether or not a case arises under Section 1215, incorporates Section 1216 exclusively. Well, it refers to Section 1216, but Section 1216 isn't exclusively state and local. Well, no, Your Honor, and that's our point, is that Section 1216 incorporates a number of different categories of employees. Merely by referring to the jurisdiction of a special counsel, right? I am, Your Honor. I mean, that's what 1216 does. It just refers to the jurisdiction of the special counsel. Correct, Your Honor, and 1215-A-1, which directs the special counsel in when to file a disciplinary action, incorporates the various categories of employees contained in Section 1216, such that 1215-A-1 directs the special counsel to file disciplinary complaints under the Federal Hatch Act for federal employees and District of Columbia employees, preventive personnel practice violation complaints against federal employees, and hatchet cases against state and local employees. All of those various categories of employees fall under 1215-A-1 because of the incorporation of 1216. But let me ask you about 1216, then, because among other things, the question I have about 1216 arises from subsection C. Yes, Your Honor. Because C, which then talks about cases under corrective action or investigations under 1215, seems to me, unless I'm missing something, to exclude A-2, which is the state and local government employees provision. Your Honor, 1216-C does exclude paragraph 2, but for a completely different reason. What paragraph 1216-C, subsection 1216-C, is doing, its purpose, is to provide that, as with a prohibitive personnel practice, which is a phrase in that subsection, the Office of Special Counsel, in the cases other than under paragraph 2, may pursue a parallel path, a dual path. They may pursue corrective action before the federal agency, and they may pursue a disciplinary action against the employee responsible for needing the corrective action. It's a dual path, and it's permissible because we're talking about a federal agency here. It's different in state and local. Only disciplinary actions are available to the special counsel for state and local violations, because the special counsel cannot seek a corrective action before a state agency. So you would read 1216-C as saying that if they receive an allegation under 1, 3, 4, and 5, they can do both 1214 disciplinary action and corrective action under 1214, disciplinary action under 1215. Yes, Your Honor. However, but you're reading in, well, you would say implicitly an additional, the clarification is that as opposed to under 2, where it's only disciplinary action under 1215. Yes, Your Honor. They can pursue either or both, and 1216-C is silent as to paragraph 2 for the reason that it simply isn't applicable in the context of what 1216-C is directed. Why is it not a fairer characterization of the structure of these various provisions to say that with respect to local and state officials and employees, the action arises under Chapter 15? Your Honor, I think that reads out, it does read out of Chapter 12, both the reference in 1215-A-1 to all those various categories of employees and 1215-A-5. It's important to note, Your Honor, that... Well, let's just take A-5. All A-5 says, as I read it, is that if you're interested in hearing about what happens to state and local officials, go over to see Chapter 15, which addresses those folks. It's just sort of an arrow pointing you to another provision or set of provisions, it seems to me. Your Honor, it cannot be simply an arrow for the following reason. Section 1215-A-1 is directed at the special counsel, and A-5 is directed at the board. So it's a tandem, it's a bifurcation, really. Section A-5 only exists because it needs to direct the board in what to do with a disciplinary action that has already arisen under 1215-A-1, which is directed to the special counsel. A-5 is an arrow to the board, but the board wouldn't need that arrow if the case hadn't arisen under 1215-A-1 in the special counsel file. Well, but again, in order to make that argument, you need to be, you're sort of working backwards from 1216. The provision of 1216 that makes reference, among other things, to the state and local employees, you say, well, aha, that must mean that 1216 references include state and local employees, and that must in turn mean that the term employee, as used in 1215, includes state and local employees. That seems to me to read the statutes in reverse, and not to be the most natural reading of the statutes. To me, if you read them straightforwardly, you say, okay, employee, 2105 normally means federal employee unless we're told otherwise. Okay. I don't see any, if you start with that proposition, I don't see anywhere in this set of statutes that you run into an incongruity, because what you have is you say, okay, employees within the jurisdiction of the special counsel described in 1216, which refers in many respects to employees, and specifically calls out when it applies to somebody other than a 2105 employee. And it then points us specifically in A-5 to chapter 15 when we want to talk about state and local employees and officers. And then on top of that, you've got the problem in 1204M that it talks about employees. Again, you have to read back even one more step into 1204M to pick up state and local employees as part of the definition of employee, which seems to me a very peculiar way to read the statute. Your Honor, whether or not it's peculiar, it's the only plausible way to read the statute for the following reasons. 1204M characterizes a group of employees as those employees arising under Section 1215. The two cannot be divorced. Okay, arising under, all right. Arising under 1215. So the question, it's not really backward, the question starts, who is an employee in a case arising under 1215? And 1215, a case can only arise under 1215 when the special counsel files a complaint, because Section 1215 doesn't contain any substance of the law. So cases arise under 1215 when various laws are allegedly violated under Subchapter 3 of Chapter 73, Federal Hatch Act, which has a definition of employee which adds D.C. employees. So 1215 clearly includes D.C. and it's reported in Briggs recognize that. So you know from the start that employee can't just mean federal. It means a whole group of various categories of employees that are listed in Section 1216. So the statute has to be read, starting with 1215, who is an employee in 1215? And once it's clear that an employee for purposes of 1215A1, and it's important to distinguish between A1 and A5, and A1 includes employees that are non-federal, then it is natural to have that definition of employee work back, to use your phrase, to Section 1204M, which simply cross-references 1215. What do you say to the argument that the government makes that without even getting into the substance of this case, that we don't have jurisdiction because the term employee in 7703 does not encompass state and local employees? Your Honor, that turns the question on its head, really. This Court plainly has jurisdiction under 7703 because 7703 provides jurisdiction to an employee agreed by a final order of the Board. This is a final order of the Board under 1204M, and if Mr. Perkins is an employee under 1215 and therefore 1204M, he's an employee under 7703. I'm not sure I follow that. Suppose there were a provision of 1216 that said in certain instances an employee of a private company could be incorporated within a hatch act as an aid or in a better let's say within a hatch act violation. That wouldn't turn the word employee in 7703 into a word that incorporates private employees, would it? It wouldn't in the following circumstance, Your Honor. If the private employee was subject to the hatch act and was included in the definitions contained in 1216 and therefore a disciplinary action against that private employee arose under 1215A1, then if that employee prevailed, that employee would be eligible for attorney's fees under 1204M and would be eligible to appeal an order under 1204M. Any other reading, Your Honor, would make the Board's orders under 1204M simply unreviewable. If you guys had lost on the merits of the case before the Board and wanted to challenge that, where would you file it? Section 1508 directs us, a state and local hatch act employee, to file an appeal of an order under 1504 to 1506. It's a very narrow phrase. To a federal district court. So basically what you're saying here is that Congress set up a scheme where if the employee loses, he or she appeals to the district court on the merits, but if the employee loses on attorney's fees, they come here. Yes, Your Honor, which stands to reason. Why does that stand to reason? To me, it doesn't make a bit of sense. I didn't draft the statute, obviously. It makes sense in the following sense. Congress, for whatever reason, chose to give district courts reviewing authority over state and local hatch act cases. Congress gave this court reviewing authority over all attorneys in these cases. I see I'm into my rebuttal. That's okay. You can keep going. We'll save you full rebuttal. Well, I appreciate that. Your Honor, the difficulty here, obviously, is Congress did draft a statute where jurisdiction for appeals is bifurcated. But Congress made it very clear by limiting the scope of Section 1508 to orders under three other subsections of Chapter 15 that this was not a general jurisdiction for the district court in cases, which is a contrast to 7703 where discrimination cases, the whole case gets sent over to a district court. And even there, this court retains procedural. I think Judge Prost has a question. I just wanted to go back to something. I'm a little confused about the argument you're making. I mean, it seems to me, and maybe I'm wrong, that a lot of your argument is predicated for arising under 1215 is Section A, that your read of 1215A covers state and local employees, correct? And that's where it's the outline of what the violation is, right?  It seems to me that Chapter 15 covers that at least as well, and certainly in more detail. I mean, wouldn't you agree that Section 15 is the provision, that Chapter 15 is what lays out what a violation is of the Hatch Act for state and local employees? It lays out the ability or the authority of the special counsel to initiate a complaint, to initiate an investigation. And if that's correct, if it's all covered in detail in Chapter 15, then how do we make much out of what's in 1215A? I think, Your Honor, the answer is that all of those provisions that you detail in Chapter 15 were in Chapter 15 when Congress, 1206 and subsequently in 1215 and 1216, said we are going to provide an overarching structure for all disciplinary actions. And we are going to encompass federal disciplinary actions under 7322 and personnel practices under 23, and we're also going to incorporate state and local. That's why it's included. And once you put in that reference, and once you put in A5, which directs the Board in what to do after a case has arisen, the only interpretation is that Congress wanted to set up an overarching structure, and that's consistent with 1204, which sets up the overall jurisdiction of the Board. But as a practical matter, what does that mean? There's an overarching structure, but how in any way, shape, or form does that change or affect anything that otherwise is going to happen under Chapter 14? What it does as a statutory matter is it puts that case, along with all of the other disciplinary actions, under Section 1215 and then tells the Board when you have a state or local disciplinary action, you should go to Chapter 15, which we recognize is there, and that will give you the detailed guidance. Very well. Why don't we reserve your little rebuttal time, and we'll hear from Ms. Burke. May it please the Court. This Court lacks jurisdiction to entertain Mr. Perkins' appeal. Mr. Perkins has ignored entirely that Title V contains a specific definition of what an employee is, and that definition has not been modified first for purposes of 7703. 7703 only provides jurisdiction for this Court to entertain appeals by employees or applicants for employment. It is not a residual jurisdictional provision, and there's no reason to believe that Congress intended that state and local employees would fit in the definition of employees, particularly when 2105 defines employees. First of all, do you think that there is any fee-shifting provision that would apply in this case if 1204M does not? Do I have the right section? Yes, 1204M. Not that we're aware of. So EJU wouldn't work because this isn't a court action, I guess, right? I think that's a complicated question, and I'm not sure we're prepared to answer it one way or the other right now. The best I can say is that Mr. Perkins has not sought EJU fees. Well, no, because he's seeking fees under a more explicit provision. Where I'm going is if we slam the door in this case, is there still a residual fee-shifting statute that would apply, for example, in the district court? Right. Well, Section 504 of Title V would be the applicable EJU provision that Mr. Perkins would have to evaluate whether he falls under. And, again, I'm not sure that I can answer that question. Okay. That would be where one would look to decide. That's correct, yes. All right. Second question. What policy-based—I recognize we're dealing with statutory language, and if the policy-based grounds aren't necessarily promoted by the statutory language, that, in a sense, is too bad. But it certainly helps if there's a policy-based reason for a distinction. What is the policy-based reason for saying that federal hatch cases have fee-shifting and state and local do not? Well, I wouldn't characterize the issue as whether federal Hatch Act employees can recover and state Hatch Act employees cannot. I would characterize it as whether federal employees who are subject to an OSC action can recover attorney fees, and state and local employees cannot. Okay. Well, you said it better than I did, but what's the reason as a policy matter that justifies that? It's a broader category of employees. We don't know too much about what Congress was thinking when it enacted 1204M. All we have is a couple of sentences in the legislative history in the context of an amendment to the whistleblower protection. Well, let me ask the question a different way. Is there any reason that you can think of that Congress, had they thought about it, would have said, you know what, let's not make the attorney fee provision applicable to the Chapter 15 proceedings? Yes. The most important thing I can think of is that state and local Hatch Act cases are brought not only against the employee but also against the employer. So, for example, in Section 1505, the employer is able to appear with counsel as a defendant in the case. And that's because ultimately the only real damage that can occur is against the employer because as we articulated in our brief, there's absolutely no way that the board can affect the employee himself. Well, not directly, but assuming that the agency goes along with the board's order, they fire the employee. Well, yes, but it's... So that's a pretty direct... I mean, maybe it's not direct in the sense that the board can't directly order the firing, but they certainly has the consequence, which is the same for the employee. It does. But the other consequence is that the board can order the United States government to withhold funding from that agency. Right, understood. So for that reason, the local agency is able to appear in the action. And there's absolutely no way... And it did here, I think. It did, yes. There's absolutely no way that a local agency could be construed as an employee for purposes of 1204. Now, let me ask you this question on jurisdiction. An argument that... Well, it's been made and was made this morning, is that for purposes at least of this statutory structure, you should read the term employee in 7703 to include employees who are covered, in this case, by the statute as Mr. Perkins sees it, which would make our jurisdiction, if we accepted that argument, we would have jurisdiction. In other words, where I'm going with this is, is this an argument about jurisdiction that is tied to the merits such that we ought to address the merits as part of the jurisdictional inquiry? I think the answer is no, because the question whether Mr. Perkins is an employee under 7703 is not the same question as whether he is an employee under the rest of the statutory scheme. That said, if the court determines to address the merits simultaneously, ultimately the result should be the same, because as an overarching matter, what Mr. Perkins asserts is that he should be considered an employee for purposes of all of the times that employee is mentioned, and he would like to be considered an employee for that particular mention. He does not wish to be considered an employee for all of the times when he does not wish to be considered an employee. And your argument is that the question of whether he's an employee for 7703 is an analytically distinct question from the question of whether he's an employee for purposes of 1215A? Yes. Or 1203. As a practical matter, the language between 7703 and 1215A is different. The language in 7703 refers to an employee or applicant for employment. The language in 1215 refers to any employee. So do you agree that 1215A.1, which says action should be taken against any employee, includes state and local employees? No, absolutely not. Then why did the OSC cite 1215 in its complaint that it filed against Mr. Perkins? Well, I don't know the answer to that. The best that I can say is that it was an error. And the reason I say that is because OSC's own regulations, 1201.123, state that it brings a complaint against a federal Hatch Act employee pursuant to 1215A.1, and it brings a complaint against a state and local Hatch Act employee under 1504. So to the extent that OSC may have thrown the kitchen sink into the complaint, it certainly doesn't trump the language of the statute or the rulemaking. But we shouldn't even infer from that what OSC thought at the time about it. In other words, you're just saying that this is just drafting error or abundance of caution or something like that. It doesn't really mean anything. Yes, what I'm saying is that what OSC thinks about the matter is memorialized in the regulation. And to the extent that OSC added in additional sections in the complaint, that cannot trump OSC's regulation. What's the regulation again? 1201.123. Now let me ask you, going back to the jurisdictional question, you're asking us essentially to enter an order, basically a one-line order saying dismissed because of failure to satisfy the employee requirement of 7703. We wouldn't oppose an order to transfer to the district court. Well, that's where I was going. Why would the district court have jurisdiction over the question of whether fees are available or not? Well, Mr. Perkins is certainly correct that 1508 specifies that district courts have jurisdiction over orders arising under 1504 through 1506. An attorney fee, a decision about attorney fees, isn't necessarily falling under those. But in order to provide a forum under which Mr. Perkins can litigate the question, we believe, as we cited in our brief, that the Third Circuit's decision in Keene is particularly instructive, that it's logical that the circuit court in which the district court lies is the presumptive appellate court to hear the issue and not this court. The circuit court? I mean, you wouldn't want us to send this to what would be the Ninth Circuit. Sorry, I misspoke. The district court within the circuit. And then logically... But would that be under Section 1507, 1508 or would it be under the APA? It would seem to me it would be under the APA, really, wouldn't it? It could be. The way that I was thinking about it was that, at least pursuant to the Third Circuit's decision in Keene, the Third Circuit determined that the attorney fee question was essentially tied up with the merits question. And so, although the Third Circuit didn't articulate it this way because it was a discrimination case, in this case what the court would have to determine is that the attorney fee issue really is part of a determination under Sections 1504 through 1506 because it's part and parcel of the merits determination. I'd like to go back to a question Judge Freisen asked you earlier about the whole policy issue here, because at least what I was hoping for was a clear answer to this. Is there some good reason to think that Congress really meant to treat federal employees differently than it treats state and local employees who are subject to the Hatch Act? I mean, what would be the rationale for somebody in Congress to say, okay, we're going to give federal employees the right to recover fees if they win these cases, but not the state and local employees that are covered by the Hatch Act? I mean, you talked a lot about employers, but I don't think that was really the question. The question is why do you treat these two categories of employees differently? They're no different in the sense that they have the weight of the government coming down on them, they win, and they're out all of this money. Well, there's a couple of reasons. First of all, as an overarching matter, Title V deals with federal employees to the extent that the state and local Hatch Act can interrupt that. It is an independent and autonomous set of provisions. It doesn't really interact with the rest of Title V except to the extent that it's cross-referenced in Chapter 12. And although perhaps the Court found it unpersuasive that other parties are dependents in OFC actions, I actually think it's a very useful way to think about it. It doesn't really help out the employee, though, that there might have been another dependent there. But that's where the disciplinary action idea comes into play. Judge Bryson is obviously correct that an OFC action can lead to a situation where an employee is removed, but an OFC cannot actually order that employee to be removed, nor can the MSPB actually order that employee to be removed. State and local Hatch Act cases also can concern issues of state law. So it makes more sense to have... It doesn't necessarily go to your question, but goes to the jurisdictional question. Can I just go back to a part of the statute that continues to trouble me, which is that conduct within the jurisdiction of the Special Counsel under 1216 includes alleged violations by state and local employees, does it not? Yes. So why is employee under 1215A1, when it talks about disciplinary actions taken against an employee and it references under B, within the jurisdiction of the Special Counsel as described in 1216, not a reference to state and local employees as well? First, going back to what 1215 does, 1215A1 talks about when OFC has to file a complaint. OFC doesn't actually file a complaint against a state and local Hatch Act employee under any of these sections. It files a complaint under a state and local employee under Section 1504. And I think the better way to view the interplay between 1215, 1216, and the state and local Hatch Act itself is that all of the provisions in 1215 are essentially, I'm going to say mirrored, but they're not in fact mirror images in 1215, but all of the provisions in 1215 articulating OFC's authority to investigate, to file a complaint, to discipline for employees to seek review, they're all mirrored in the state and local Hatch Act itself. So if you want to read 1215A1 as applying to a state and local Hatch Act employee, then you're going to have to pretty much erase the contents of Chapter 15 because then why wouldn't all of 1215 apply to a state and local Hatch Act employee? Why wouldn't the disciplinary action, for example, provision apply to a state and local Hatch Act employee? Okay. I'm not sure if that answers your question. Okay. For these reasons, we respectfully request that the Court affirm the decision of the Court. I will. Thank you, Ms. Burke. Mr. Ludman, you have your full three minutes for rebuttal. Thank you, Your Honor. I'm going to make just a few very brief points. First, jurisdiction is obviously tied to the merits. If it's not, then the Board's order is not reviewable, and that cannot be right under reviewable. Well, you think it's not reviewable? Even Ms. Burke suggests a district court under a kind of what sounded to me like a kind of supplemental jurisdiction or maybe APA. I don't seek jurisdiction for a 1204M review anywhere else besides this Court, Your Honor. Second, we know that 7703 includes nonfederal employees when it needs to because a D.C. government employee challenged a order under 1215 in Briggs. This Court's 1983 decision in Briggs. Did we address the employee issue in that case? No, Your Honor. No. But, you know, jurisdictional decision – you know the rule. You can't make – draw jurisdictional conclusions from cases that take jurisdiction without adverting to the jurisdiction issue. Right, Your Honor. But you can take judicial notice of the fact that this Court has exercised jurisdiction under 7703. But that and in $2, we'll buy you coffee at Starbucks. Fair enough. Fair enough. Not anymore. Not anymore. Sorry. The other point I want to address is this notion that because 1215 contains – because Chapter 15 contains various procedural and substantive provisions related to state and local that therefore is completely separate from Section – from Chapter 1215 to 1216. If that were truly the case, then Congress would have absolutely no reason either to include a reference to state and local employees in 1216 or to direct the Board in the second part of 1215A in what to do with these cases. Again, it's the government's reading of the interplay between Chapter 12 and Chapter 15 that gives absolutely no meaning. It strips all meaning from those references contrary to statutory canons. The other point I want to address just briefly is this notion that the federal government – the Congress has given all federal employees but not state and local employees the right under 1204N to recuperate attorneys' fees under 1215 cases. There's two issues there. One is, at least in their brief, the government didn't agree that all federal employees under 1215 would have access to attorneys' fees. They made the argument, and their statutory argument relied on a distinction between the Federal Hatch Act, the State Hatch Act on the one hand, and prohibited personnel practices. That's in their brief on page 20 on the other hand. They said that only federal employees subject to prohibited personnel practice actions would be eligible for fees. They also make the point earlier today that the disciplinary action is felt only by the employee. That cannot be correct. The reason that Congress enacted 1204N was because the consequences of a disciplinary action against an employee fall on an employee, whether it's a federal employee or, in this case, against Petitioner, Mr. Perkins. I see I'm out of time. Thank you. And we thank both counsel for a very helpful argument. Case is submitted.